UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:04CR 213 JCH |
| | ) | |
| EDDIE TAYLOR, JR., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

The defendant filed the following pretrial motions:

    1) Motion to Suppress Physical Evidence (Document #29);

    2) Motion to Suppress the Contents of Any Electronic Surveillance (Document #35); and

    3) Motion for Relief from Prejudicial Joinder (Document #42).

The government filed responses to the defendant's motions.

A hearing on pretrial motions was held at which the defendant withdrew his Motion to Suppress Physical Evidence (Document #29) and Motion to Suppress the Contents of Any Electronic Surveillance (Document #35). The Motion for Relief from Prejudicial Joinder was argued by the parties. The defendant filed his Post-Hearing Memorandum of Law in Support of Motion for Relief from Prejudicial Joinder (Document #46). The government filed its Supplemental Response to Defendant's Motion to Sever (Document #51).

**Factual Background**

On December 16, 2004, the defendant, Eddie Taylor, Jr., was indicted and charged with: Count I - Distribution of Cocaine, which allegedly occurred on September 8, 2004; and Count II - Attempt to Manufacture 5 Grams or More of Methamphetamine, which allegedly occurred on or about December 7, 2004.

**Procedural Status**

As the parties point out, under Rule 8(a) of the Federal Rules of Criminal Procedure, two or more offenses may be joined in a single indictment if they are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."

The defendant argues that joinder of Count I, which allegedly occurred on September 8, 2004, and which charges the distribution of cocaine with Count II, which charges knowingly and intentionally attempting to manufacture five grams or more of methamphetamine on or about the 7th day of December, 2004, does not comply with any of the three justifications for joinder under Rule 8(a). The defendant asks that the counts be severed.

The government maintains that the two counts are properly joined for the reasons set out in its responses.

**Discussion**

The law as stated both by the Supreme Court of the United States and by the

Eighth Circuit does not favor severance. "Joint trials 'play a vital role in the criminal justice system.'" Zafiro v. United States, 113 S.Ct. 933, 937 (1993) (quoting Richardson v. Marsh, 481 U.S. 200, 209-210 (1987)). Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620 (1968), was quoted by the Supreme Court in the later case of United States v. Lane, 474 U.S. 438, 449 (1986), to the effect that "joint trials 'conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial.'" Zafiro also held that severance of trials should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of a properly joined defendant or prevent the jury from making a reliable judgment about guilt of innocence." 113 S.Ct. at 935.

In United States v. Moyer, 313 F.3d 1082, 1085 (8th Cir. 2002), the Court of Appeals for the Eighth Circuit stated, "Because this court favors joinder of offenses against defendants in a single trial, the rules are construed liberally in favor of joinder. United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995)."

This court finds that the two counts, Distribution of Cocaine and Attempting to Manufacture Methamphetamine, are "of the same or similar character," that is, steps in drug trafficking. The defendant admits that Counts I and II may be of similar character. (Post-Hearing Memorandum, p. 2) He argues that they did not occur over a relatively short period of time and the evidence as to each count does not overlap.

The characteristic of offenses occurring "over a relatively short period of time," referred to by the defendant, is taken from United States v. Lindsey, 782 F.2d 116, 117, in which the Court allowed the joinder of two counts of the same type of offense

occurring over a relatively short period of time, and the evidence as to each count in that case overlapped.

The government has included in its response to the defendant's Motion for Relief from Prejudicial Joinder a survey of Eighth Circuit cases which considered "a relatively short period of time" to be 20 months, United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984); 17 months, United States v. Lindsey, 782 F.2d 116, 117 (8th Cir. 1986); 8 months between drug offenses, United States v. Sanders, 463 F.2d 1086 (8th Cir. 1972); counterfeiting offenses covering a 2-year period, United States v. Hastings, 577 F.2d 38 (8th Cir. 1978); and Mann Act offenses covering a 5-month period, Johnson v. United States, 356 F.2d 680 (8th Cir.) cert. denied. The court finds that the time period between the events charged in the two counts in this matter, three months and eight days, is a relatively short period of time.

One could say that the offenses overlap in this case because the date of the second offense, December 7, 2004, was the date on which the defendant was arrested on a warrant issued as a result of the first charge, which occurred on September 8, 2004. (Affidavit of Special Agent Jason S. Freeman of the Bureau of Alcohol, Tobacco, Firearms and Explosives at 3(h).) However, the overlapping character is not part of rule 8(a) and is not absolutely necessary in order for joinder to be proper.

Additionally as just mentioned, the defendant, on December 7, 2004, was arrested in connection with a complaint flowing from the alleged sale on September 8. At that time, the defendant was allegedly found in possession of evidence of attempt to

manufacture methamphetamine. The events occurring on December 7, 2004, are logically connected to and flow from Count I, Distribution of Cocaine, another controlled substance. Their inclusion in the evidence connected with Count I would allow "the witnesses to recount the entire episode" helping to "complete the story and explain the relationships of the people involved." United States v. Rock, 282 F.3d 548, 551 (8th Cir. 2002). As the Court in Rock stated, "'Rule 404(b) does not bar evidence that completes the story of the crime or explains the relationship of the parties or the circumstances surrounding a particular event.' United States v. Orozco-Rodriguez, 220 F.3d 940, 942 (8th Cir. 2000)."

This court finds that Count I, the distribution of cocaine on September 8, 2004, is of a similar character to Count II, the attempt to manufacture 5 grams or more of methamphetamine on December 7, 2004; the events are logically connected and occurred within a "relatively short period of time." As a result the offenses should not be severed.

In the course of the trial of Defendant Eddie Taylor, Jr., should it become clear that the facts develop to the point where a severance should be granted, the defendant may file a motion for severance based on the circumstances at that time. Accordingly, the undersigned will recommend that the motion for severance filed by the defendant titled "Motion for Relief from Prejudicial Joinder" (Document #42) be denied without prejudice.

**IT IS, THEREFORE, RECOMMENDED** that defendant's Motion for Relief from Prejudicial Joinder (Document #42) be denied.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(l), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

                                                  */s/ Lewis M. Blanton*
                                                  LEWIS M. BLANTON
                                                  United States Magistrate Judge

Dated:  March 23, 2005